In the Interest of: J.F.

Appeal of: J.J.R. and B.F.

Superior Court of Pennsylvania.

Submitted Oct. 12, 2004.

Filed Nov. 23, 2004.

Janice J. Repka, York Spring, for appellant.

David K. James, York Spring, Guardian Ad Litem, for appellee.

Chester G. Schultz, York Spring, for Adams County, appellee.

BEFORE: HUDOCK, GANTMAN and BECK, JJ.

OPINION BY BECK, J.:

¶ 1 The issue in this appeal is whether under the Adoption Act, 23 Pa.C.S.A. §§ 2101–2910, a child protective agency must adhere to a standard of reasonableness in withholding or giving its consent to the voluntary relinquishment of parental rights. An additional, related issue is whether the trial court must independently review the agency's decision. We hold that a standard of reasonableness is applicable to the agency and that the trial court must independently review the agency's decision.

¶ 2 Adams County Child and Youth Services (CYS) refused to grant its consent to appellant-parents' petition for voluntary relinquishment of their parental rights to the minor child J.F. The trial court then denied the petition without a hearing on

whether CYS's refusal was reasonable. The parents challenge the trial court's order, claiming that CYS decisions to withhold consent are subject to a standard of reasonableness and judicial review. In addition, parents claim that, through actions over several months, CYS gave its implicit consent to their voluntary relinquishment of parental rights.

¶ 3 J.F. was born on December 29, 1991 and adopted by appellant-parents on May 22, 2002, when he was ten years old.[1] Within eight months of his adoption, between January and July, 2003, J.F. had increasing behavior problems, becoming uncontrollable by his parents and requiring hospitalization. The parents informed CYS that they wished to terminate their parental rights, and in July 2003 CYS placed J.F. in a foster home. In August 2003, the court declared J.F. dependent and gave temporary legal and physical custody of the child to CYS.

¶ 4 CYS prepared a Permanency Plan on August 31, 2003 with the placement goal of adoption. At a hearing on March 12, 2004 on parents' Petition to Voluntarily Relinquish Parental Rights, CYS indicated that the agency would not consent to voluntary relinquishment at this time. Agency consent is a requirement under 23 Pa. C.S.A. § 2501. CYS invoked the child's best interests in its refusal to consent. The court requested memoranda from the parties on the issue of whether CYS must be held to a reasonableness standard in its refusal to consent. On April 27, 2004, the trial court denied the Petition to Voluntarily Relinquish Parental Rights, finding that the reasonableness standard did not apply to the facts of the present case and also that CYS had not given its consent to the petition.

---

1. In 2002 appellants adopted not only J.F., but also his brother and sister, who were, respectively, 12 and 14 years of age at adoption. All three were special needs children.

¶ 5 In their appeal, the parents raise three issues: 1) Is CYS subject to a reasonableness standard and judicial review in its refusal to consent to a petition to voluntarily terminate parental rights? 2) Did CYS implicitly consent to the petition by its actions? 3) Has an estoppel argument been waived?

¶ 6 Our standard in reviewing an appeal from an order relating to termination of parental rights is to determine if the record is free from legal error and if the factual findings are supported by the evidence. *In the Matter of the Adoption of A.J.B.*, 797 A.2d 264, 266 (Pa.Super.2002); *In the Matter of the Adoption of A.M.B.*, 812 A.2d 659, 662 (Pa.Super.2002).

¶ 7 Parental rights in Pennsylvania can be terminated voluntarily or involuntarily. 23 Pa.C.S.A. §§ 2501–2513. Both procedures have the same result, to end the legal relationship between parent and child and to free the child for adoption.[2] *A.M.B., supra* at 666. Typically, voluntary relinquishment is the mechanism utilized by parents who believe they are physically or mentally unable to raise a child and therefore wish to place the child for adoption. For example, with agency consent teenage parents may voluntarily relinquish their parental rights where they contend that they are not able to assume the responsibilities of parenthood. However, neither statutory nor case law provides sufficient guidance as to the standard applicable to the agency's decision to grant or deny its consent.

¶ 8 The case law relied on by both parties is distinguishable from the facts of the present dispute. The cases cited by the parties involve the authority of CYS to deny consent to parents' petition for voluntary relinquishment because the agency preferred to proceed with its own petition for involuntary termination. In both cases, the Erie County Office of Children and Youth (OCY) had filed a petition for involuntary termination of parental rights prior to the time that the mother filed her petition for voluntary relinquishment. *A.M.B., supra* at 665; *A.J.B., supra* at 265. OCY refused to consent to the voluntary relinquishment petitions. Refusal was based on the agency's desire to proceed with involuntary termination, which if successful would establish "aggravated circumstances," 42 Pa.C.S.A. § 6302, and thereby would permit any future termination proceedings involving other children of the same parent to be expedited. *A.M.B., supra* at 667; *A.J.B., supra* at 266–67.

¶ 9 In *A.J.B.*, this Court found the agency's position self-serving and affirmed the trial court's order denying OCY's motion to dismiss the voluntary relinquishment petition and dismissing OCY's petition for involuntary termination of parental rights. 797 A.2d at 267–68. Seven months later in *A.M.B.*, this Court distinguished *A.J.B.* on procedural grounds and upheld the order of the trial court involuntarily terminating parental rights.[3] 812 A.2d at 664, 675. In both *A.J.B.* and *A.M.B.*, this Court was concerned with the relative merits and public policy considerations of voluntary

2. Since J.F. is an adopted child, it is important to point out that an adoptive parent's rights and duties are identical and co-terminus with those of a biological parent. *Faust v. Messinger*, 345 Pa.Super. 155, 497 A.2d 1351, 1353 (1985), *appeal dismissed*, 514 Pa. 286, 523 A.2d 741 (1987).

3. Judge Musmanno dissented in *A.M.B.*, believing that *A.J.B.* should control.

versus involuntary termination of parental rights. But that issue is not before us in this case.[4]

¶ 10 The issue in this case is whether an agency must adhere to a standard of reasonableness in withholding or giving its consent to a parent's petition to relinquish voluntarily his or her rights. This is an issue of first impression in this Court.

¶ 11 Voluntary relinquishment of parental rights generally is invoked when the biological parent wishes to break the tie between parent and child and to place the child for adoption. As discussed in *A.M.B.*, agency consent to voluntary relinquishment, unlike agency action for involuntary termination, does not necessarily occur in the context of a disintegrated family. 812 A.2d at 669 n. 7. The family circumstances prompting voluntary relinquishment of parental rights are highly variable.

■ ¶ 12 In determining the standard applicable to the agency's decision, we look to the Pennsylvania Supreme Court for guidance. In *In re Adoption of Hess*, 530 Pa. 218, 226–27, 608 A.2d 10, 14 (1992), our Supreme Court held that agency refusal to consent to adoption of a minor in its custody, as required under 23 Pa.C.S.A. § 2711(a)(5), must be reasonable. The reasoning in *Hess* offers us guidance. We find no rational or policy grounds not to extend the holding of *Hess* to voluntary relinquishment of parental rights. We hold that an agency shall be held to a standard of reasonableness in its refusal to consent to a petition for voluntary relinquishment. We further hold that the trial

court must independently review the agency's decision to determine if it is reasonable.

¶ 13 An agency is placed in a difficult situation where its consent is requested for voluntary relinquishment. On the one hand, protection of a child requires that parents not be permitted to abandon a child because they are experiencing difficulties raising the child; nor should parents be permitted to abandon a child because of economic or other considerations. Raising children is a solemn obligation that society and the law impose on parents. On the other hand, there are circumstances where it is clearly necessary to permit parents to relinquish voluntarily their rights to a child. The agency must weigh all of the factors before determining whether to deny or grant its consent. Uppermost in the agency's consideration must be the best interests of the child. The courts cannot cede unlimited discretion to any governmental agency, and certainly not to a child protective agency. All governmental agencies must act reasonably. It is for the courts to review an agency's action to determine if its action was reasonable.

¶ 14 The legislature has made clear throughout the Adoption Act, 23 Pa.C.S.A. §§ 2101–2910, that the judiciary is entrusted with oversight responsibility for the welfare of the child. Recognizing this, our Supreme Court has established that agency refusal to consent to an adoption must be reasonable and will be subject to judicial review. *Hess, supra* at 226–27, 608 A.2d at 14. It would be anomalous, indeed contrary to the entire philosophical under-

---

4. We find that *A.M.B.* and *A.J.B.* are not on all fours with the issue before us. Both involved the agency's authority and the trial court's review in the context of concurrent voluntary and involuntary termination proceedings and, most importantly, the power of the agency to control whether the termination proceedings shall be voluntary or involuntary.

pinning of the Adoption Act, to hold that at an earlier stage in the adoption process, i.e., at the relinquishment of parental rights, the agency is not required to act reasonably and has unbounded discretion which a court cannot review. The court cannot fulfill its statutory duty with regard to the Adoption Act in the absence of a standard for agency action and the authority for judicial review in voluntary relinquishment proceedings.

¶ 15 In Hess, our Supreme Court bluntly stated that under the Adoption Act, "the court's concern is not the will of the agency but the best interests of the child." Id. Thus, the court must consider the agency's wishes in light of the needs of the child. Id. This language makes clear that the court's duty under the Adoption Act, which controls not only adoption but also voluntary termination proceedings, is to focus on the needs of the child, taking into consideration the evidence presented and not relying solely on the conclusion of the agency.

¶ 16 Furthermore, it is sound public policy to establish a standard of reasonableness for agency action. The issue of voluntary termination of parental rights is of monumental importance to both parent and child. Elemental due process requires that the agency act reasonably.

¶ 17 In the present case, the trial court erroneously held that a standard of reasonableness did not apply and therefore declined to address the merits of parents' Petition to Voluntarily Relinquish Parental Rights. Since we do not have an adequate record on which to review the reasonableness of CYS's action in this case, we take no position on whether CYS did or did not act reasonably. We reverse the trial court's holding on this issue and remand for a determination of whether CYS's action in withholding consent to appellants' Petition for Voluntary Relinquishment of Parental Rights was reasonable.

¶ 18 Parents' second contention is that CYS implicitly consented to their Petition for Voluntary Termination of Parental Rights because of its actions over several months. In support of their contention, parents cite A.J.B., where this Court found implicit consent from a review of the agency's actions. 797 A.2d at 268.

¶ 19 As discussed in the trial court's opinion, the present case is distinguishable from A.J.B. because the agency in A.J.B. had filed a petition for involuntary termination of parental rights. By assuming custody of A.J.B. and also filing a petition for involuntary termination of parental rights, the agency was found to have given its implicit consent to a permanent termination of all parental rights with regard to the child. In the present case, CYS never implicitly or explicitly approved termination. It never filed a petition for involuntary termination, as did the agency in A.J.B. The agency simply had temporary custody of the child. Custody alone cannot imply consent to relinquishment of parental rights.

¶ 20 When J.F.'s parents told CYS of their desire to relinquish parental rights, CYS informed the parents that they—and not the agency—would have to initiate a voluntary relinquishment petition. CYS still did not take legal action to terminate parental rights. Nothing in the record of this case supports parents' claim that CYS acted in such a manner as to implicitly consent. Therefore, we affirm the trial court's holding that CYS did not implicitly

consent to the relinquishment petition.[5]

¶ 21 Order affirmed in part, and reversed and remanded in part. Jurisdiction relinquished.

---

**5.** Given our holding that CYS did not implicitly consent to the relinquishment petition, appellants' final contention, concerning waiver of an estoppel argument, need not be addressed for the resolution of this case.